ORDER

Ledon Hall appeals his convictions for two counts of first-degree sodomy, violations of § 13A-6-63(a)(3), Ala. Code 1975, and one count of violating the Alabama Sex Offender Registration and Community Notification Act, § 15-20A-1, et seq., Ala. Code 1975 (“SORNA”), by establishing or maintaining a residence or any other living accommodation with a minor, a violation of § 15-20A-ll(d), Ala. Code 1975. The circuit court sentenced Hall to concurrent sentences of life in prison for the two counts of first-degree sodomy and 20 years in prison for violating SORNA.
In 2003, Hall was convicted of first-degree sodomy; the victim was a juvenile, male relative. As a result, Hall was required to register as a sex offender and to comply with the requirements of SORNA. Hall then moved in with his mother. On several occasions, Hall’s nieces and nephew would visit the residence and stay overnight. During that time, Hall began sexually abusing his seven-year-old nephew, J. Two years later in August 2013, J. told his mother about the sodomy.
At trial, J. testified that Hall had not done anything to hurt him and disavowed that any sexual abuse had occurred. After calling another witness to testify, the State sought to recall J. The State' informed the circuit court that members of J. and Hall’s family had been intimidating J. and asked the circuit court to exclude the public from the courtroom during J.’s testimony. After hearing the parties’ arguments, the circuit court closed the courtroom to the public. Once his family had been removed, J. detailed the abuse to which Hall had subjected him.
On appeal, Hall argues that the circuit court violated his right to a public trial under the Sixth Amendment to the Constitution of the United States. Specifically, Hall contends that the circuit court infringed upon his right to a public trial because it lacked sufficient grounds to exclude the public from a portion of J.’s testimony.
The Sixth Amendment provides that “[i]n all criminal prosecutions, the accused shall enjoy the right to a public ... trial.” Likewise, Article I, § 6, of the Alabama Constitution of 1901, guarantees that “in all criminal prosecutions, the accused has a right to... a speedy, public trial.” The Alabama Supreme Court has recognized that “[a] public trial ensures that the judge, prosecutor, and jury carry out their duties responsibly, encourages witnesses *506 to come forward, and discourages perjury,” Ex parte Easterwood, 980 So.2d 367, 372 (Ala.2007) (citing Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)).
Although the right to an open and public trial serves important interests, that right is not absolute. See Ex parte Easterwood, 980 So.2d at 372; Waller, 467 U.S. at 45. In Waller, the Supreme Court of the United States explained: “[T]he right to an open trial may give way in certain cases to other rights or interests, such as the defendant’s right to a fair trial or the government’s interest in inhibiting disclosure of sensitive information.” 467 U.S. at 45. The Court then explained that a trial court may completely exclude the public from part of a criminal trial only if:
“‘[1] [T]he party seeking to close the hearing... advance[s] an overriding interest that is likely to be prejudiced, [2] the closure [is] no broader than necessary to protect that interest, [3] the trial court ... considers] reasonable alternatives to closing the proceeding, and [4] [the trial court] make[s] findings adequate to support the closure.’ ”
Ex parte Easterwood, 980 So.2d at 373 (quoting Waller, 467 U.S. at 48).
Here, the record does not include any findings of fact regarding the circuit court’s closure of the courtroom to the public. Accordingly, this Court remands this cause to the circuit court with instructions for it .to satisfy the fourth Waller requirement by making specific findings of fact relating to the first three Waller requirements. The circuit court may hold a hearing if doing so is necessary to comply with this order. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 90 days after the release of this order. The return to remand shall include the circuit court’s written findings'of fact, a transcript of the hearing, if one is conducted, and, any other evidence relied upon by the circuit court to enter it findings.
REMANDED WITH INSTRUCTIONS. 
Windom, P.J., and Kellum, Burke, and Joiner, JJ., concur. Welch, J., dissents, with opinion.